# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**HARRISON BRADLEY CUNNINGHAM,**

    Plaintiff,

v.                                   2:22-cv-236-JLB-NPM

**STEVE WHIDDEN** and
**NESTOR ECHEVARRIA,**

    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff Harrison Bradley Cunningham, proceeding pro se, brings this action against Steve Whidden, Sherriff of Hendry County, and Nestor Echevarria, a former deputy with the sheriff's office. After Cunningham's repeated misconduct and twice failing to appear before the court, the court should dismiss this action for failure to prosecute.

"A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. And the court may dismiss an action *with prejudice* if the court finds "both a clear record of delay or willful misconduct exists and that lesser sanctions are inadequate to correct such conduct." *See Levy v. NCL (Bahamas), Ltd.*, 686 F. App'x 667, 670 (11th Cir. 2017).

Unfortunately, Cunningham has developed a clear record of delay and misconduct and dismissal with prejudice is appropriate here. In September of last year, the court held a preliminary pretrial conference in this action. (Doc. 41). During the in-person conference, the court verified Cunningham's address to ensure he receives all orders and notices docketed by the clerk. And the court informed Cunningham that the court expected him to act professionally with opposing counsel, just as counsel is ethically bound to treat him. The court also urged Cunningham to respond to the pending motion to dismiss. But Cunningham stated he was "willing to let the judge make a ruling on that without responding to it."

Since the conference, Cunningham seems to have ignored the court's colloquy with him. Cunningham never responded to the motion to dismiss. And, to put it charitably, he has been discourteous with opposing counsel. In fact, Cunningham has repeatedly demonstrated an inappropriate intent to use this proceeding as a vehicle for harassment. Emails between Cunningham and opposing counsel also reflect Cunningham's "to hell with your request. I'll see you in court" attitude and his "you can take your entitlement and stick it" approach to discovery. (Doc. 54-7 at 8, 12). Cunningham has even resorted to threats. He says he will "scare the living daylights out of [the defendants]," "have [his] revenge," and "make Nestor Disappear." (Doc. 56 at 2-4). When he is not obstructing discovery or explicitly

threatening defendants, he sends opposing counsel inappropriately suggestive emails with YouTube links to music videos and movie excerpts. (Doc. 56-2).

The defendants brought these developments to the court's attention with an emergency motion, and the court scheduled a status conference to right the ship. (Docs. 56, 58, 59). The court sent the notice to Cunningham by both mail and email. Cunningham received the notice and moved for a continuance. In his motion, Cunningham stated that the defendants' efforts to avoid judgment would "be met with the most furious and rageful offensives that will leave them in utter chaos." (Doc. 61 at 2). The court denied the request to continue the status conference and again notified Cunningham by mail and email. But Cunningham disregarded the court's order and failed to appear. In response, the court noticed a show-cause hearing two weeks in advance and told Cunningham that he "must appear and show cause why he should not be sanctioned, including dismissal of this action, for his failure to appear at the May 18, 2023 hearing." (Doc. 67). Cunningham did not move for a continuance, and he failed to appear (again) or otherwise show cause.

Having failed to appear at the show-cause hearing, Cunningham has made no showing as to why this action should not be dismissed for failure to prosecute. And the dismissal should be with prejudice. Purposely foregoing any response to the motion to dismiss, disregarding the court's show cause order, repeatedly failing to appear for noticed hearings, and threatening the defendants and their counsel despite

the court's admonition during the Rule 16 conference amounts to a clear record of delay and willful misconduct. A monetary sanction would be both inappropriate and ineffective (Cunningham is proceeding in forma pauperis). And, under these facts, a dismissal without prejudice would be no sanction at all. Cunningham would be free to refile his complaint and again move to proceed without prepaying fees or costs. A dismissal without prejudice would operate only as another warning to Cunningham. He has proven such warnings are futile. Disregarding court orders along the way, Cunningham has intentionally used this action to harass the defendants, not as a good-faith effort to redress a harm, and a dismissal with prejudice is necessary to prevent further misuse of the court's limited resources.

Accordingly, this action should be dismissed with prejudice and the clerk should be directed to terminate all pending motions, cancel all scheduled events, and close the case.

Respectfully recommended on June 7, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1.

**To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**